UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

SHERRON PAIGE, individually and on behalf of her minor child K.D.; EVELYN GRAY; TANEEQUA CARRINGTON; and AP, on their own behalf and on behalf of all others similarly situated,

              Plaintiffs,

-against-

NEW YORK CITY HOUSING AUTHORITY; CITY OF NEW YORK; SHOLA OLATOYE; BILL deBLASIO; MARY TRAVIS BASSETT, MD; MARIA TORRES-SPRINGER; MICHAEL KELLY; ALICIA GLENN; BRIAN CLARKE; JAY KRANTZ; LUIS PONCE; HERMINA POLACIO; ATC ASSOCIATES, INC.; and ATC GROUP SERVICES, LLC,

              Defendants.

-------------------------------------------------------------------------------

No. 1:17-cv-07481 (WHP)

**DEFENDANT ATC GROUP SERVICES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

Defendant, ATC GROUP SERVICES, LLC (herein referred to as "ATC" or "Defendant") by its attorneys, GORDON REES SCULLY MANSUKHANI LLP, for its Answer to Plaintiffs' Second Amended Complaint states as follows:

## ANSWER

1. ATC denies the allegations in paragraph 1 to the extent the allegations are directed at ATC.

2. ATC denies the allegations in paragraph 2 to the extent the allegations are directed at ATC.

3. ATC denies the allegations in paragraph 3 to the extent the allegations are directed at ATC.

1

4. ATC denies the allegations in paragraph 4 to the extent the allegations are directed at ATC except to admit that NYCHA hired ATC to perform visual inspections of certain areas of certain properties during the Class Period.

5. ATC denies the allegations in paragraph 5 to the extent the allegations are directed at ATC.

6. ATC denies the allegations in paragraph 6 to the extent the allegations are directed at ATC.

7. The allegations in paragraph 7 are statements of law for which no response is necessary.

8. ATC denies the allegations in paragraph 8 to the extent the allegations are directed at ATC.

9. ATC denies the allegations in paragraph 9 to the extent the allegations are directed at ATC.

10. ATC denies the allegations in paragraph 10 to the extent the allegations are directed at ATC except to admit that ATC conducts business within this District.

11. ATC denies the allegations in paragraph 11 to the extent the allegations are directed at ATC except to admit that ATC conducts business within this District.

12. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 12.

13. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 13.

14. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 14.

15. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 15.

16. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 16.

17. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 17.

18. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 18.

19. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 19.

20. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 20.

21. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 21.

22. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 22.

23. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 23.

24. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 24.

25. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 25.

26. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 26.

27. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 27.

28. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 28.

29. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 29.

30. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 30.

31. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 31.

32. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 32.

33. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 33.

34. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 34.

35. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 35.

36. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 36.

37. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 37.

38. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 38.

39. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 39.

40. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 40.

41. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 41.

42. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 42.

43. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 43.

44. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 44.

45. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 46.

46. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 46.

47. ATC denies the allegations of paragraph 47 and avers that ATC Associates, Inc. was a former doing business name of ATC but such name is no longer used and any corporate entity that may exist is not affiliated with ATC.

48. ATC admits the allegations of paragraph 48 except to deny that ATC Associates, Inc. is an affiliated company with ATC and to aver that ATC is a Delaware limited liability company.

49. ATC denies the allegations in paragraph 49 with regard to ATC Associates, Inc. and avers that ATC performed inspections pursuant to its contract with NYCHA.

50. ATC denies the allegations in paragraph 50 except to admit that it entered into a contract with NYCHA to perform visual inspections of certain areas in certain properties.

51. ATC denies knowledge sufficient to form a belief as to the allegations in paragraphs 51 – 183.

52. The allegations contained in paragraphs 184 – 243 are not directed to ATC and therefore ATC does not respond to these allegations.

53. ATC repeats its responses to paragraphs 1 – 243 as if set forth at length herein.

54. ATC denies the allegations in paragraph 245 except to admit that it entered into a contract with NYCHA to perform the work set forth in the agreement.

55. ATC denies the allegations in paragraph 246 except to admit that it entered into a contract with NYCHA to perform the work set forth in the agreement.

56. ATC denies the allegations in paragraph 247 except to admit that it entered into a contract with NYCHA to perform the work set forth in the agreement.

57. ATC denies knowledge sufficient to form a belief as to the allegations in paragraph 248.

58. ATC denies the allegations in paragraph 249.

59. ATC denies the allegations in paragraph 250.

60. ATC denies the allegations in paragraph 251.

61. ATC denies the allegations in paragraph 252.

62. ATC denies the allegations in paragraph 253.

63. ATC denies the allegations in paragraph 254.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant ATC.

## SECOND AFFIRMATIVE DEFENSE

Defendant ATC denies that plaintiffs are entitled to any relief sought in the Second Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

To the extent consistent with this pleading, Defendant ATC incorporates by reference any and all claims and defenses of other party defendants against plaintiffs and/or defendants.

## FOURTH AFFIRMATIVE DEFENSE

Defendant ATC hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this answer to assert such defenses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this claim against Defendant ATC.

## SIXTHAFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, statute of repose and/or doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Each cause of action is barred by the culpable conduct attributable to Plaintiffs, including contributory negligence and assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by the entire controversy doctrine.

## NINTH AFFIRMATIVE DEFENSE

Defendant raises all defenses available under the economic loss doctrine.

## TENTH AFFIRMATIVE DEFENSE

Defendant raises the defense of spoliation of evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not extend any warranties, express or implied, to plaintiffs. Any warranties, express or implied, extended to plaintiffs have been fully satisfied by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to plead a cause of action for general or special damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The losses and damages, if any, sustained by the infant plaintiffs were the result of plaintiffs' parents, guardians' and/or caregivers' negligence and/or contributory negligence, and, accordingly, plaintiffs are barred from recovery or limited to recovery in accordance with the provisions of governing law, including CPLR Article 16.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' have failed to join necessary and indispensable parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

The injuries and damages suffered by the plaintiffs, if any, were not actually or proximately caused by any act or omission attributable to Defendant ATC.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged losses and damages, if any, were caused, in whole or in part, by the contributory negligence and/or assumption of the risk on the part of parties to this action other than Defendant and/or agents, servants, employees, representatives and/or independent contractors of each, and such contributory negligence and/or assumption of the risk would preclude plaintiffs and in turn co-defendants from any recovery against Defendant ATC and/or would reduce the amount of any such recovery against Defendant ATC.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to the apartments described in the Second Amended Complaint, and all or part of the alleged losses and damages, if any, sustained by Plaintiffs arose from and were caused by risks of which s/he or they were aware, and such risks were accepted and assumed by him/her/them, and for that reason any recovery against Defendant should be diminished, reduced, offset, or barred in accordance with the principles of assumption of risk and/or informed consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The damages and losses alleged by plaintiffs were due wholly to plaintiffs or those acting on their behalf and not in any way to conduct on the part of the Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, if any, were caused or contributed to in whole or in part by the negligence, carelessness, recklessness or other liability producing conduct of persons,

parties and/or entities other than Defendant ATC, over whom Defendant had no control, right of control, duty to control, or responsibility.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' alleged losses and damages were directly and proximately caused by the superseding and intervening acts and conduct of others.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that plaintiffs have been reimbursed or have available to them benefits under a collateral source or third-party pay or scheme, then such claim for services or charges would not be collectible in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, pursuant to New York Civil Practice Law and Rules Section 4545, if the Court finds that any costs of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss which plaintiff may have incurred were replaced or indemnified in whole or in part from any collateral source, then the Court shall reduce the amount of any award to plaintiff by the amount of said reimbursement minus the premiums, if any, paid by plaintiff or anyone on plaintiff's behalf for such benefits for the applicable period immediately preceding the accrual of this lawsuit.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs have failed to mitigate damages and as a result, any recovery against Defendant ATC should be barred, reduced or offset accordingly.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any claims against Defendant ATC must be diminished, reduced, offset or barred in accordance with the terms or any and all releases executed by plaintiffs arising out of plaintiffs' losses or damages, if any.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant did not conceal or withhold any information in breach of any alleged duty.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by the plaintiffs were caused, in whole or in part, by the negligence or other culpable conduct of the Plaintiffs and/or other defendants, which conduct constituted a supervening cause of Plaintiffs' alleged injuries.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by lack of privity of contract between plaintiffs and Defendant ATC, the failure of plaintiffs to give timely and adequate notice of any alleged breach and/or the disclaimer of warranties and limitations of remedies.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

None of the alleged injury or damage was foreseeable at the time of the alleged acts or omissions in the plaintiffs' Second Amended Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages against Defendant, these damages are improper, unwarranted, not authorized by law, and are unconstitutional in the context of this litigation. Subjecting Defendant to multiple trials and multiple impositions of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the Constitution of the State of New York. The standard for the award of punitive damages is constitutionally void

for vagueness. The lack of limitation on possible multiple impositions of punitive damage awards for the same alleged course of conduct is unconstitutional.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates this defendant's right to protection for "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New York and violates this defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York. Therefore, plaintiffs' Second Amended Complaint fails to state a cause of action upon which relief can be granted.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action upon which relief can be granted.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Defendant ATC specifically denies the existence of any contract with plaintiffs, whether oral or written, express or implied; but if the existence of any such contract is found, the Defendant denies any breach thereof.

## THIRTY-THIRD DEFENSE

Defendant raises the defenses available under applicable statutory or common law of the State whose substantive law controls this action relating to limitations of awards, caps on recovery, and setoffs.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

If any damages are recoverable against Defendant, the amount of such damages shall be diminished in accordance with CPLR §1601.

### THIRY-FIFTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of each and every provision of CPLR §4545 including, but not limited to, any credit or offset by reason of any replacement or indemnification of costs or expenses from any collateral source.

### CROSS-CLAIMS

That if Plaintiffs sustained the damages in the manner and at the time and place alleged by reason other than Plaintiffs' own carelessness, recklessness, negligence and/or acts of omission or commission and if it is found that ATC is liable to Plaintiffs herein, all of which is specifically denied, then ATC, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to indemnification and/or contribution from the co-defendants and judgment over and against the aforementioned co-defendants, as a result of the carelessness, recklessness, negligence and/or acts of omission or commission and/or breach of warranty and/or breach of contract and/or strict or statutory liability of said co-defendants, their agents, servants and/or employees for all or part of any verdict or judgment that plaintiffs may recover against ATC.

### AS AND FOR ITS RESPONSE TO ANY CROSS-CLAIMS

ATC denies any and all cross-claims now or hereafter asserted against ATC; asserts all defenses including those set forth above; and avers that it is not liable to plaintiffs, to defendants, to any third-party defendant or to any others.

WHEREFORE, ATC Group Services, LLC demands judgment dismissing plaintiffs' Second Amended Complaint against it together with the costs and disbursements of this action, and in the event of any judgment over and against ATC Group Services, LLC, it demands judgment, contribution and/or indemnification, along with costs and disbursements, including reasonable attorneys' fees.

Dated:    New York, New York
            February 26, 2018

GORDON REES SCULLY MANSUKHANI LLP

*s/ Lee Henig-Elona*

By: _____
Lee Henig-Elona, Esq.
Lhenig-elona@grsm.com

Attorneys for Defendants
ATC GROUP SERVICES, LLC and
ATC ASSOCIATES, INC., a dissolved corporation

1 Battery Park Plaza ~ 28TH Floor
New York, New York 10004

18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932

Phone: (212) 269-5500
Direct: (973) 549-2520
Fax: (973) 377-1911

**TO:**    **All Parties via Electronic Filing - SDNY**