**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SHERRON PAIGE, individually and
ON BEHALF OF HER MINOR CHILD K.D.;
EVELYN GRAY; TANEQUA CARRINGTON; and
A.P., on their own behalf and on behalf of all other
similarly situated,

              Plaintiffs,

    v.

NEW YORK CITY HOUSING AUTHORITY;  CITY
OF NEW YORK; SHOLA OLATOYE; BILL de
BLASIO; MARY TRAVIS BASSETT, M.D.; MARIA
TORRES-SPRINGER; MICHAEL KELLY; ALICIA
GLENN; BRIAN CLARKE; JAY KRANTZ; LUIS
PONCE; HERMINA POLACIO; ATC ASSOCIATES,
INC.; and ATC GROUP SERVICES, LLC,

            Defendants.

**CITY DEFENDANTS' ANSWER
TO THE SECOND AMENDED
COMPLAINT**

No. 1-17-cv-07481 (WHP)

Defendants City of New York ("City"), Mayor Bill de Blasio, Deputy Mayors Alicia Glen and Herminia Palacio, and Commissioners Mary Travis Bassett and Maria Torres-Springer (collectively "City Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Second Amended Complaint ("SAC"), respectfully allege upon information and belief as follows:

    1.    Deny the allegations set forth in paragraph 1 of the SAC, except admit that plaintiffs purport to proceed as set forth therein.

    2.    Deny the allegations set forth in paragraphs 2 through 6 of the SAC,

    3.    Deny the allegations set forth in paragraphs 7 through 11 of the SAC, except admit that plaintiffs purport to proceed as set forth therein.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 12 and 13 of the SAC.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph 14 of the SAC, and deny the remainder of the allegations in said paragraph, except admit that the New York City Department of Health and Mental Hygiene ("DOHMH") conducted lead paint related tests in the referenced apartment.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 15 and 16 of the SAC.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 17 of the SAC, and deny the remainder of the allegations in said paragraph.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 18 and 19 of the SAC.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 20 of the SAC, and deny the remainder of the allegations in said paragraph.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 21 through 22 of the SAC.

11.     Deny the allegations set forth in paragraph 23 of the SAC, except admit that plaintiffs purport to proceed as set forth therein.

12.    **Deny** knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 24 and 25 of the SAC, except admit that defendant New York City Housing Authority is a state created entity.

13.    Deny the allegations set forth in paragraph 26 of the SAC, and respectfully refer the Court to N.Y. Pub. Hous. Law § 402(3) for its true content and effect.

14.    Admit the allegations set forth in paragraph 27 of the SAC.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the SAC,[1] except deny that defendant Shola Olatoye's actions "constituted customs, policies and/or practices of ... Defendant City of New York."

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the SAC.

17.    Deny the allegations set forth in paragraph 30 of the SAC, except admit that defendant Bill de Blasio is a New York City resident, is the Mayor of the City of New York and, as such, is a policymaker for defendant City.

18.    Deny the allegations set forth in paragraph 31 of the SAC, except admit that DOHMH and the Department of Housing Preservation and Development ("HPD") are agencies of the City.

19.    Deny the allegations set forth in paragraph 32 of the SAC

20.    Deny the allegations set forth in paragraph 33 of the SAC, and aver that defendant Mary Travis Bassett was, but is no longer, the DOHMH Commissioner and, as such, during her tenure as DOHMH Commissioner was a policymaker for DOHMH.

---

[1] Defendant Shola Olatoye is no longer the chairperson or chief executive of defendant New York City Housing Authority.

21.     **Deny** the allegations set forth in paragraph 34 of the SAC, except admit that defendant **Maria** Torres-Springer is a New York City resident, is the HPD Commissioner and, as such, is a policymaker for HPD.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 35 and 36 of the SAC.

23.     Deny the allegations set forth in paragraph 37 of the SAC, except admit that defendant Alicia Glen is a New York City resident, and is the Deputy Mayor for Housing and Economic Development.

24.     Deny the allegations set forth in paragraph 38 of the SAC, except admit that at various times Deputy Mayor Glen met with Shola Olatoye.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 39 through 44 of the SAC.

26.     Deny the allegations set forth in paragraph 45 of the SAC, except admit that defendant Hermania Palacio is a New York City resident, and is the Deputy Mayor for Health and Human Services.

27.     Deny the allegations set forth in paragraph 46 of the SAC.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 47 through 50 of the SAC.

29.     Deny the allegations set forth in paragraph 51 of the SAC, except admit that ingesting lead paint can have negative health consequences.

30.     Admit the allegations set forth in paragraph 52 of the SAC.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 53 and 54 of the SAC.

32.    **Deny** the allegations set forth in paragraph 55 of the SAC, except admit that deteriorated **lead paint** can create a dangerous condition.

33.    **Deny** the allegations set forth in paragraphs 56 through 59 of the SAC, and respectfully refer the Court to the referenced documents and material for their true content and effect.

34.    **Deny** the allegations set forth in paragraphs 60 through 63 of the SAC, except admit that very young children are particularly vulnerable to deteriorated lead paint.

35.    **Deny** the allegations set forth in paragraph 64 of the SAC, and respectfully refer the Court to the referenced document for its true content and effect.

36.    **Deny** knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the SAC.

37.    **Deny** the allegations set forth in paragraphs 66 through 68 of the SAC, and respectfully refer the Court to the referenced documents for their true content and effect.

38.    **Deny** knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the SAC.

39.    **Deny** the allegations set forth in paragraphs 70 through 121 of the SAC, and respectfully refer the Court to the referenced documents and materials for their true content and effect.

40.    **Deny** the allegations set forth in paragraph 122 of the SAC, except admit that in 1960 lead paint was banned in the City.

41.    **Deny** knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 123 through 128 of the SAC.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the SAC, except admit that improperly performed lead paint remediation can create a dangerous condition.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the SAC.

44.     Deny the allegations set forth in paragraph 131 of the SAC, and respectfully refer the Court to the cited guideline for their true content and effect.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 132 and 139 of the SAC.

46.     Deny the allegations set forth in paragraphs 140 and 141 of the SAC, and respectfully refer the Court to the referenced documents and materials for their true content and effect.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 142 and 175 of the SAC.

48.     Deny the allegations set forth in paragraphs 176 through 183 of the SAC, except admit that plaintiffs purport to proceed as set forth therein.

49.     In response to paragraph 184 of the SAC, City Defendants repeat their responses to paragraphs 1 through 183 of the SAC as if set forth in full herein

50.     Deny the allegations set forth in paragraphs 185 and 186 of the SAC, and respectfully refer the Court to the referenced documents for their true content and effect.

51.     Deny the allegations set forth in paragraphs 187 through 190 of the SAC

52.     Deny the allegations set forth in paragraph 191 of the SAC, except admit that plaintiffs purport to proceed as set forth therein.

53.     Deny the allegations set forth in paragraph 192 of the SAC.

54.     Neither admit nor deny the allegations set forth in paragraphs 193 through 254 of the SAC since plaintiffs either do not assert these causes of action against the City Defendants or the Court has ruled that these causes of action do not state a claim against the City Defendants, however, should the Court deem a response necessary, deny the allegations.

55.     Deny that plaintiffs are entitled to the relief sought in the Wherefore clause of the SAC.

## AS AND FOR A FIRST DEFENSE

The SAC fails to state a claim against the City Defendants upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

At all times relevant to the acts alleged in the SAC, City Defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith and without malice and/or without willful intent to violate any applicable law, rule or regulation.

## AS AND FOR A THIRD DEFENSE

None of the City Defendants have violated any rights, privileges, or immunities guaranteed to plaintiffs by the Constitution or laws of the United States or the State of New York, or any political subdivision thereof, nor have said defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH DEFENSE

The individual City Defendants are protected in suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, or common law immunity, or by any combination of these doctrines.

### AS AND FOR A FIFTH DEFENSE

The SAC is barred, in whole or in part, based on plaintiffs' lack of standing.

### AS AND FOR A SIXTH DEFENSE

City Defendants are not liable for punitive damages.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs' culpable conduct, and/or the culpable conduct of third parties, caused or contributed, in whole or in part, to plaintiffs' alleged injuries or damages.

### AS AND FOR A EIGHTH DEFENSE

At all times relevant to the acts alleged in the SAC, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR AN NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the operation of the applicable statutes of limitations.

### AS AND FOR THE RESPONSE TO ANY CROSS-CLAIMS

City Defendants deny any and all cross-claims now or hereafter asserted against the City Defendants, and asserts all defenses including those set forth above, and avers that it is not liable to plaintiffs, the other defendants, or any third-party defendants.

**WHEREFORE**, the City Defendants demand judgment dismissing the SAC as against them, along with costs of this action, together with such other and further relief as the Court may seem just and proper.

Dated:      New York, New York
            September 27, 2018


                          ZACHARY W. CARTER
                          Corporation Counsel of the City of New York
                          Attorney for City Defendants
                          100 Church Street
                          New York, New York 10007
                          (212) 356-2186



                          Mark W. Muschenheim
                          Assistant Corporation Counsel