

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Mark W. Muschenheim
Tel: (212) 356-2186
Fax: (212) 356-2019
MMuschen@Law.NYC.Gov

October 18, 2018

By ECF and Hand
Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York

Re: Paige, et al. v. New York City Housing Authority, et al. # 17 CV 07481

Dear Judge Pauley:

    This office represents defendants the City of New York ("City"), Mayor Bill de Blasio, Deputy Mayors Alicia Glen and Herminia Palacio, and Commissioners Mary Travis Bassett and Maria Torres-Springer (collectively "City Defendants") in this matter. In accordance with Your Honor's October 11, 2018 Scheduling Order (ECF # 227), the City Defendants submit this letter brief on whether they should be required to produce documents that the City previously produced to the United States in connection with the United States' civil investigation of the New York City Housing Authority ("NYCHA").[1]

    The documents produced by the City in response to the United States civil investigation of NYCHA are not pertinent to the one claim asserted against City Defendants (the Fair Housing Act claim). However, the City Defendants are prepared to provide lead related documents that post-date September 29, 2013 (within the four year statute of limitations) that do not contain personal identifying information ("PII"). As to documents that relate to lead exposure that contain PII, the burden of producing many of these documents is significant since PII would have to be redacted.

---

[1] While the October 11th conference before Your Honor was focused on documents that NYCHA had produced to the United States, out of an abundance of caution the City Defendants are submitting this letter.

In connection with the United States' civil investigation of NYCHA, the City produced over 40,000 pages of documents to the United States, including emails[2] and non-email documents such as inspection reports. Included in those productions were various documents relating to blood lead levels of children with NYCHA associated addresses, as well as documents relating to lead paint at NYCHA associated addresses. These documents included emails, spread sheets of, for instance, all blood lead levels of children associated with a NYCHA address for certain time periods as well as documents relating to environmental investigations conducted by DOHMH of NYCHA apartments with children with elevated blood lead levels.

Some of these documents contain PII or other confidential information (such as names, addresses with apartment numbers, dates of birth and phone numbers). While a confidentiality order is in place in this action (ECF # 147), consistent with New York City Health Code sections 11.11 (a)(1), 11.11(d)(1) and 11.11(d)(2) and New York State Public Health Law section 18(6), the City Defendants are nevertheless precluded from releasing PII unless it is first redacted.[3] Redacting this information will be a significant and costly undertaking; specifically, more than 3,000 non-email documents will have to be reviewed for redaction, as well as up to 3,200 emails. Accordingly, the City Defendants should not be required to produce the lead related documents containing PII.

The City also produced many documents that have nothing to do with elevated blood lead levels or lead exposure at NYCHA, such as boiler and elevator related documents maintained by DOB. Similarly, documents relating to mold and vermin maintained by DOHMH have nothing to do with lead issues germane to this action. The City Defendants should not be required to produce the documents previously produced to the United States that do not relate to lead issues.

Respectfully submitted,

Mark W. Muschenheim
Assistant Corporation Counsel

cc: Counsel of Record (Via ECF)

---

[2] Emails were collected from a total of 38 custodians from the Office of the Mayor and the City's Department of Buildings ("DOB") and Department of Health and Mental Hygiene ("DOHMH"). Based on the affiliation of the custodian, different search terms were used to collect documents, and some of those search terms related to lead exposure (e.g. NYCHA and (paint or lead or abat*)) and others did not (e.g. NYCHA and (boiler or heat)).

[3] In the United States' investigation of NYCHA, the City produced unredacted copies of documents containing PII after the issuance of a Court order authorizing the City to do so. In re: Civil Investigative Demand 15-78, Doc. # 2, Index # 16 Misc. 112 (S.D.N.Y. March 16, 2016). Before this order was issued, more than 7,000 non-email documents were redacted, and the City Defendants could produce those documents that are lead-related.