SHERRON PAIGE, individually and
ON BEHALF OF HER MINOR CHILD K.D.;
EVELYN GRAY; TANEEQUA
CARRINGTON; and A.P., on their own behalf
and on behalf of all others similarly situated,

                Plaintiffs,

        v.

NEW YORK CITY HOUSING AUTHORITY;
CITY OF NEW YORK; SHOLA OLATOYE;
BILL de BLASIO; MARY TRAVIS
BASSETT, M.D.; MARIA TORRES-
SPRINGER; MICHAEL KELLY; ALICIA
GLENN; BRIAN CLARKE; JAY KRANTZ;
LUIS PONCE; HERMINA POLACIO; ATC
ASSOCIATES, INC.; and ATC GROUP
SERVICES, LLC,

                Defendants.

No. 1:17-CV-07481 (WHP)

**AMENDED ANSWER OF
DEFENDANTS NEW YORK CITY
HOUSING AUTHORITY, SHOLA
OLATOYE, MICHAEL KELLY,
BRIAN CLARKE, JAY KRANTZ
AND LUIS PONCE TO THE
SECOND AMENDED COMPLAINT**

Defendants New York City Housing Authority, Shola Olatoye, Michael Kelly,

Brian Clarke, Jay Krantz and Luis Ponce (the "NYCHA defendants") as and for their Amended

Answer to the Second Amended Complaint, Affirmative Defenses, Response to Cross-Claims

and Cross-Claim, by their attorneys, Herzfeld & Rubin, P.C., state as follows:

## RESPONSE TO "INTRODUCTORY STATEMENT"

      1.    Deny the allegations in paragraph 1 of the Second Amended Complaint

except admit that defendant NYCHA owns and operates public housing developments within the

City of New York.

      2.    Deny the allegations set forth in paragraph 2 of the Second Amended

Complaint.

3.     Deny the allegations set forth in paragraph 3 of the Second Amended Complaint.

4.     Deny the allegations set forth in paragraph 4 of the Second Amended Complaint.

5.     Deny the allegations set forth in paragraph 5 of the Second Amended Complaint and refer all questions of law to this Court.

6.     Deny the allegations set forth in paragraph 6 of the Second Amended Complaint and refer to this Court's Decision and Order, dated August 14, 2018 ("Decision").

## RESPONSE TO "JURISDICTION AND VENUE"

7.     Deny the allegations set forth in paragraph 7 of the Second Amended Complaint and refer all matters of law to this Court.

8.      Deny the allegations set forth in paragraph 8 of the Second Amended Complaint and refer all matters of law to this Court.

9.     Deny the allegations set forth in paragraph 9 of the Second Amended Complaint and refer all matters of law to this Court.

10.     Deny the allegations set forth in paragraph 10 of the Second Amended Complaint and refer all matters of law to this Court.

11.     Deny the allegations set forth in paragraph 11 of the Second Amended Complaint except admit that venue is proper in this District and refer all matters of law to this Court.

## RESPONSE TO "PLAINTIFFS"

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Second Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Second Amended Complaint.

14. Deny the allegations set forth in paragraph 14 of the Second Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Second Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Second Amended Complaint.

17. Deny the allegations set forth in paragraph 17 of the Second Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Second Amended Complaint except admit that the defendant NYCHA owns and manages the premises known as 569 East 108th Street, Apartment 2A, Brooklyn, New York.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Second Amended Complaint.

20. Deny the allegations set forth in paragraph 20 of the Second Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Second Amended Complaint except admit that defendant NYCHA owns and manages the premises known as 2931 Frederick Douglas Boulevard, New York, New York.

22. Deny the allegations set forth in paragraph 22 of the Second Amended Complaint.

**RESPONSE TO "GOVERNMENTAL DEFENDANTS"**

23. The allegations set forth in paragraph 23 of the Second Amended Complaint do not require a response from these answering defendants. To the extent that such allegations require a response, they are denied.

24. Deny the allegations set forth in paragraph 24 of the Second Amended Complaint except admit that defendant NYCHA is a body corporate and politic, duly organized under the Public Housing Law of the State of New York, with 326 housing developments throughout the five boroughs of New York City and more than 400,000 residents.

25. Deny the allegations set forth in paragraph 25 of the Second Amended Complaint except admit ownership by defendant NYCHA of buildings across the five boroughs of the City of New York including 1460 Bronx River Avenue, Bronx, New York; 791 Hicks Street, Brooklyn, New York; 569 East 108th Street, Brooklyn, New York; and 2931 Frederick Douglass Boulevard, New York, New York.

26. Deny the allegations set forth in paragraph 26 of the Second Amended Complaint except admit that the defendant NYCHA Board of Directors is composed of 7 members appointed by the Mayor with the Mayor designating the Chair.

27. Admit the allegations set forth in paragraph 27 of the Second Amended Complaint.

28. Deny the allegations set forth in paragraph 28 of the Second Amended Complaint except admit that defendant Shola Olatoye is a New York resident and was defendant NYCHA's chairperson and chief executive until April 30, 2018.

29.     Deny the allegations set forth in paragraph 29 of the Second Amended Complaint and refer this Court to the "public statements" referenced therein.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Second Amended Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Second Amended Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Second Amended Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Second Amended Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Second Amended Complaint.

35.     Deny the allegations set forth in paragraph 35 of the Second Amended Complaint except admit that defendant Michael Kelly was defendant NYCHA's General Manager until February 22, 2018.

36.     Deny the allegations set forth in paragraph 36 of the Second Amended Complaint and refer this Court to the "public statements" referenced therein.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Second Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Second Amended Complaint.

39.     Deny the allegations set forth in paragraph 39 of the Second Amended Complaint except admit that from February 2015 up to and including November 17, 2017

defendant Brian Clarke was defendant NYCHA's Senior Vice President for Operations for Property Management.

40. Deny the allegations set forth in paragraph 40 of the Second Amended Complaint.

41. Deny the allegations set forth in paragraph 41 of the Second Amended Complaint except admit that defendant Jay Krantz was defendant NYCHA's Director of Technical Services until November 17, 2017.

42. Deny the allegations set forth in paragraph 42 of the Second Amended Complaint.

43. Deny the allegations set forth in paragraph 43 of the Second Amended Complaint except admit that defendant Luis Ponce was defendant NYCHA's Senior Vice President of Operations for Support Services until November 17, 2017.

44. Deny the allegations set forth in paragraph 44 of the Second Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Second Amended Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Second Amended Complaint.

## RESPONSE TO "PRIVATE DEFENDANTS"

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Second Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Second Amended Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Second Amended Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Second Amended Complaint, except admit that defendant NYCHA contracted with defendant ATC to perform visual lead paint inspections.

## RESPONSE TO "BACKGROUND"

51.     Deny the allegations set forth in paragraph 51 of the Second Amended Complaint except admit that lead is a neurotoxin.

52.     Admit the allegations set forth in paragraph 52 of the Second Amended Complaint.

53.     The allegation set forth in paragraph 53 of the Second Amended Complaint does not require a response from these answering defendants. To the extent that such allegation requires a response, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation except admit that lead pigment was used in paint.

54.     The allegation set forth in paragraph 54 of the Second Amended Complaint does not require a response from these answering defendants. To the extent that such allegation requires a response, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation except admit that lead pigment was used in paint.

55.     Deny the allegations set forth in paragraph 55 of the Second Amended Complaint except admit that lead-based paint above permissible limits may be harmful to children.

56.     The allegation set forth in paragraph 56 of the Second Amended Complaint does not require a response from these answering defendants. To the extent that such allegation requires a response, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation.

57.     The allegations set forth in paragraph 57 of the Second Amended Complaint do not require a response from these answering defendants.

58.     The allegations set forth in paragraph 58 of the Second Amended Complaint do not require a response from these answering defendants.

59.     The allegation set forth in paragraph 59 of the Second Amended Complaint does not require a response from these answering defendants.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Second Amended Complaint except admit that young children can be susceptible to ingesting lead based paint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Second Amended Complaint except admit that young children can be susceptible to ingesting lead based paint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Second Amended Complaint.

63.     Deny the allegations set forth in paragraph 63 of the Second Amended Complaint.

64.     Deny the allegations set forth in paragraph 64 of the Second Amended Complaint except admit that 24 C.F.R. Part 35 requires public housing authorities to conduct

annual visual assessments of apartments and that under certain circumstances exemptions may be obtained, and refer all questions of law to this Court.

65.     Deny the allegations set forth in paragraph 65 of the Second Amended Complaint except admit that in 2016 certain apartments owned by NYCHA required annual visual assessments pursuant to 24 C.F.R. 35.

66.     The allegation set forth in paragraph 66 of the Second Amended Complaint does not require a response from these answering defendants.

67.     Deny the allegations set forth in paragraph 67 of the Second Amended Complaint and refer all questions of law to this Court.

68.     Deny the allegations set forth in paragraph 68 of the Second Amended Complaint and refer all questions of law to this Court.

69.     Deny the allegations set forth in paragraph 69 of the Second Amended Complaint except admit that certain protocols are followed after the move-out of a tenant from a unit and before a new tenant moves into that unit.

70.     Deny the allegations set forth in paragraph 70 of the Second Amended Complaint except admit that certain regulations provide for exemptions and refer all questions of law to this Court.

71.     Deny the allegations set forth in paragraph 71 of the Second Amended Complaint  and refer all questions of law to this Court.

72.     The allegation set forth in paragraph 72 of the Second Amended Complaint does not require a response from these answering defendants.

73.     Deny the allegations set forth in paragraph 73 of the Second Amended Complaint and refer all questions of law to this Court.

74.     The allegation set forth in paragraph 74 of the Second Amended Complaint does not require a response from these answering defendants and refer all questions of law to this Court.

75.     The allegation set forth in paragraph 75 of the Second Amended Complaint does not require a response from these answering defendants and refer all questions of law to this Court.

76.     Deny the allegations set forth in paragraph 76 of the Second Amended Complaint and refer all questions of law to this Court.

77.     Deny the allegations set forth in paragraph 77 of the Second Amended Complaint and refer all questions of law to this Court.

78.     Deny the allegations set forth in paragraph 78 of the Second Amended Complaint and refer all questions of law to this Court.

79.     Deny the allegations set forth in paragraph 79 of the Second Amended Complaint and refer all questions of law to this Court.

80.     Deny the allegations set forth in paragraph 80 of the Second Amended Complaint and refer all questions of law to this Court.

81.     Deny the allegations set forth in paragraph 81 of the Second Amended Complaint and refer all questions of law to this Court.

82.     Deny the allegations set forth in paragraph 82 of the Second Amended Complaint and refer all questions of law to this Court.

83.     Deny the allegations set forth in paragraph 83 of the Second Amended Complaint and refer all questions of law to this Court.

84.     Deny the allegations set forth in paragraph 84 of the Second Amended Complaint and refer all questions of law to this Court.

85.     Deny the allegations set forth in paragraph 85 of the Second Amended Complaint and refer all questions of law to this Court.

86.     Deny the allegations set forth in paragraph 86 of the Second Amended Complaint and refer all questions of law to this Court.

87.     Deny the allegations set forth in paragraph 87 of the Second Amended Complaint and refer all questions of law to this Court.

88.     Deny the allegations set forth in paragraph 88 of the Second Amended Complaint and refer all questions of law to this Court.

89.     Deny the allegations set forth in paragraph 89 of the Second Amended Complaint and refer all questions of law to this Court.

90.     Deny the allegations set forth in paragraph 90 of the Second Amended Complaint and refer all questions of law to this Court.

91.     Deny the allegations set forth in paragraph 91 of the Second Amended Complaint and refer all questions of law to this Court.

92.     Deny the allegations set forth in paragraph 92 of the Second Amended Complaint and refer all questions of law to this Court.

93.     Deny the allegations set forth in paragraph 93 of the Second Amended Complaint and refer all questions of law to this Court.

94.     Deny the allegations set forth in paragraph 94 of the Second Amended Complaint and refer all questions of law to this Court.

95.     Deny the allegations set forth in paragraph 95 of the Second Amended Complaint and refer all question of law to this Court.

96.     Deny the allegations set forth in paragraph 96 of the Second Amended Complaint and refer all questions of law to this Court.

97.     Deny the allegations set forth in paragraph 97 of the Second Amended Complaint and refer all questions of law to this Court.

98.     Deny the allegations set forth in paragraph 98 of the Second Amended Complaint and refer all questions of law to this Court.

99.     Deny the allegations set forth in paragraph 99 of the Second Amended Complaint and refer all questions of law to this Court.

100.     Deny the allegations set forth in paragraph 100 of the Second Amended Complaint and refer all questions of law to this Court.

101.     Deny the allegations set forth in paragraph 101 of the Second Amended Complaint and refer all questions of law to this Court.

102.     Deny the allegations set forth in paragraph 102 of the Second Amended Complaint and refer all questions of law to this Court.

103.     Deny the allegations set forth in paragraph 103 of the Second Amended Complaint and refer all questions of law to this Court.

104.     Deny the allegations set forth in paragraph 104 of the Second Amended Complaint and refer all questions of law to this Court.

105.     Deny the allegations set forth in paragraph 105 of the Second Amended Complaint and refer all questions of law to this Court.

106.     Deny the allegations set forth in paragraph 106 of the Second Amended Complaint and refer all questions of law to this Court.

107.     Deny the allegations set forth in paragraph 107 of the Second Amended Complaint and refer all questions of law to this Court.

108.     Deny the allegations set forth in paragraph 108 of the Second Amended Complaint and refer all questions of law to this Court.

109.     Deny the allegations set forth in paragraph 109 of the Second Amended Complaint and refer all questions of law to this Court.

110.     Deny the allegations set forth in paragraph 110 of the Second Amended Complaint and refer all questions of law to this Court.

111.     Deny the allegations set forth in paragraph 111 of the Second Amended Complaint and refer all questions of law to this Court.

112.     Deny the allegations set forth in paragraph 112 of the Second Amended Complaint and refer all questions of law to this Court.

113.     Deny the allegations set forth in paragraph 113 of the Second Amended Complaint and refer all questions of law to this Court.

114.     Deny the allegations set forth in paragraph 114 of the Second Amended Complaint and refer all questions of law to this Court.

115.     Deny the allegations set forth in paragraph 115 of the Second Amended Complaint and refer all questions of law to this Court.

116.     Deny the allegations set forth in paragraph 116 of the Second Amended Complaint and refer all questions of law to this Court.

117.    Deny the allegations set forth in paragraph 117 of the Second Amended Complaint and refer all questions of law to this Court.

118.    Deny the allegations set forth in paragraph 118 of the Second Amended Complaint and refer all questions of law to this Court.

119.    Deny the allegations set forth in paragraph 119 of the Second Amended Complaint and refer all questions of law to this Court.

120.    Deny the allegations set forth in paragraph 120 of the Second Amended Complaint and refer all questions of law to this Court.

121.    Deny the allegations set forth in paragraph 121 of the Second Amended Complaint and refer all questions of law to this Court.

## RESPONSE TO "FACTUAL ALLEGATIONS"

122.    Deny the allegations set forth in paragraph 122 of the Second Amended Complaint except admit that lead-based paint was banned in New York City in 1960.

123.    Deny the allegations set forth in paragraph 123 of the Second Amended Complaint.

124.    Deny the allegations set forth in paragraph 124 of the Second Amended Complaint except admit that a civil investigative demand was issued by the United States Attorney's office for the Southern District of New York, and refer all questions of law to this Court.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Second Amended Complaint except admit that the NYCHA defendants cooperated with the U.S. Attorney for the Southern District of New York in its 2016 investigation.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Second Amended Complaint.

127.     Deny the allegations set forth in paragraph 127 of the Second Amended Complaint except admit that DOI released an investigation report and refer this Court to the document referenced therein for the contents and interpretation thereof.

128.     Deny the allegations set forth in paragraph 128 of the Second Amended Complaint except admit that defendant NYCHA responded to the DOI, and refer this Court to the documents referenced therein for the contents and interpretation thereof.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Second Amended Complaint except admit that lead-based paint remediation should be performed pursuant to appropriate protocols.

130.     Deny the allegations set forth in paragraph 130 of the Second Amended Complaint except admit that in 2017 defendant NYCHA addressed lead-based paint issues.

131.     Deny the allegations set forth in paragraph 131 of the Second Amended Complaint.

132.     Deny the allegations set forth in paragraph 132 of the Second Amended Complaint.

133.     Deny the allegations set forth in paragraph 133 of the Second Amended Complaint.

134.     Deny the allegations set forth in paragraph 134 of the Second Amended Complaint.

135.     Deny the allegations set forth in paragraph 135 of the Second Amended Complaint.

136.     Deny the allegations set forth in paragraph 136 of the Second Amended Complaint.

137.     Deny the allegations set forth in paragraph 137 of the Second Amended Complaint.

138.     Deny the allegations set forth in paragraph 138 of the Second Amended Complaint.

139.     Deny the allegations set forth in paragraph 139 of the Second Amended Complaint.

140.     Deny the allegations set forth in paragraph 140 of the Second Amended Complaint except admit that defendant NYCHA, as a public housing authority, is required to file an Annual Plan and refer all questions of law to this Court.

141.     Deny the allegations set forth in paragraph 141 of the Second Amended Complaint except admit that defendant NYCHA, as a public housing authority,  is required to file HUD form 50077, and refer all questions of law to this Court.

142.     Deny the allegations set forth in paragraph 142 of the Second Amended Complaint and refer all questions of law to this Court.

143.     Deny the allegations set forth in paragraph 143 of the Second Amended Complaint  and refer all questions of law to this Court.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Second Amended Complaint except admit that defendant NYCHA performed lead-based paint visual assessments, and refer all questions of law to this Court.

145. Deny the allegations set forth in paragraph 145 of the Second Amended Complaint.

146. Deny the allegations set forth in paragraph 146 of the Second Amended Complaint.

147. Deny the allegations set forth in paragraph 147 of the Second Amended Complaint.

148. Deny the allegations set forth in paragraph 148 of the Second Amended Complaint except admit that sometime in 2012 defendant NYCHA did not conduct annual apartment inspections and refer all questions of law to this Court.

149. Deny the allegations set forth in paragraph 149 of the Second Amended Complaint except admit that defendant NYCHA filed Annual Plans and refer all questions of law to this Court.

150. Deny the allegations set forth in paragraph 150 of the Second Amended Complaint and refer all questions of law to this Court.

151. Deny the allegations set forth in paragraph 151 of the Second Amended Complaint except admit that defendant NYCHA filed Annual Plans and refer all questions of law to this Court.

152. Deny the allegations set forth in paragraph 152 of the Second Amended Complaint and refer all questions of law to this Court.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Second Amended Complaint, and refer all questions of law to this Court.

154.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Second Amended Complaint, and refer all questions of law to this Court.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Second Amended Complaint and refer all questions of law to this Court.

156.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Second Amended Complaint and refer all questions of law to this Court.

157.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Second Amended Complaint and refer all questions of law to this Court.

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Second Amended Complaint and refer all questions of law to this Court.

159.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the Second Amended Complaint and refer all questions of law to this Court.

160.     Deny the allegations set forth in paragraph 160 of the Second Amended Complaint.

161.     Deny the allegations set forth in paragraph 161 of the Second Amended Complaint.

162.     Deny the allegations set forth in paragraph 162 of the Second Amended Complaint except admit defendant NYCHA resumed lead-based paint inspections.

163.     Deny the allegations set forth in paragraph 163 of the Second Amended Complaint.

164.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Second Amended Complaint.

165.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Second Amended Complaint.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the Second Amended Complaint.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the Second Amended Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the Second Amended Complaint except admit that senior NYCHA employees met at HUD's Washington, D.C. office in 2016 and a PowerPoint presentation was made.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the Second Amended Complaint except admit that senior NYCHA employees met at HUD's Washington, D.C. office in 2016 and a PowerPoint presentation was made.

170.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the Second Amended Complaint.

171.  Deny the allegations set forth in paragraph 171 of the Second Amended Complaint except admit that in 2017 NYCHA filed an Annual Plan and refer all questions of law to this Court.

172.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172 of the Second Amended Complaint except admit that defendant Olatoye has made statements regarding certifications and has had conversations with HUD officials, and refer all questions of law to this Court.

173.  Deny the allegations set forth in paragraph 173 of the Second Amended Complaint .

174.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Second Amended Complaint.

175.  Deny the allegations set forth in paragraph 175 of the Second Amended Complaint.

## RESPONSE TO "CLASS ALLEGATIONS"

176.  The allegations set forth in paragraph 176 of the Second Amended Complaint do not require a response from these answering defendants. To the extent that such allegations require a response, they are denied.

177.  Deny the allegations set forth in paragraph 177 of the Second Amended Complaint.

178.  Deny the allegations set forth in paragraph 178 of the Second Amended Complaint.

179.  Deny the allegations set forth in paragraph 179 of the Second Amended Complaint.

180.     Deny the allegations set forth in paragraph 180 of the Second Amended Complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181 of the Second Amended Complaint.

182.     Deny the allegations set forth in paragraph 182 of the Second Amended Complaint.

183.     Deny the allegations set forth in paragraph 183 of the Second Amended Complaint.

## ANSWERING COUNT I OF THE SECOND AMENDED COMPLAINT

184.     Answering paragraph 184 of the Second Amended Complaint, NYCHA defendants incorporate by reference the responses set forth in the foregoing paragraphs 1 to 183 as if fully set forth herein.

185.     The allegations set forth in paragraph 185 of the Second Amended Complaint do not require a response from these answering defendants and refer all questions of law to this Court.

186.     The allegations set forth in paragraph 186 of the Second Amended Complaint do not require a response from these answering defendants and refer all questions of law to this Court.

187.     Deny the allegations set forth in paragraph 187 of the Second Amended Complaint.

188.     Deny the allegations set forth in paragraph 188 of the Second Amended Complaint.

189.    Deny the allegations set forth in paragraph 189 of the Second Amended Complaint.

190.    Deny the allegations set forth in paragraph 190 of the Second Amended Complaint.

191.    Deny the allegations set forth in paragraph 191 of the Second Amended Complaint.

192.    Deny the allegations set forth in paragraph 192 of the Second Amended Complaint.

## ANSWERING COUNT II OF THE SECOND AMENDED COMPLAINT

193.    Answering paragraph 193 of the Second Amended Complaint, NYCHA defendants incorporate by reference the responses set forth in the foregoing paragraphs 1 to 192 as if fully set forth herein.

194.    Deny the allegations set forth in paragraph 194 of the Second Amended Complaint.

195.    Deny the allegations set forth in paragraph 195 of the Second Amended Complaint.

196.    Deny the allegations set forth in paragraph 196 of the Second Amended Complaint.

197.    Deny the allegations set forth in paragraph 197 of the Second Amended Complaint.

198.    Deny the allegations set forth in paragraph 198 of the Second Amended Complaint.

## ANSWERING COUNT III OF THE SECOND AMENDED COMPLAINT

199.   Count III of the Second Amended Complaint has been dismissed by the Court.

## ANSWERING COUNT IV OF THE SECOND AMENDED COMPLAINT

200.   Count IV of the Second Amended Complaint has been dismissed by the Court.

## ANSWERING COUNT V OF THE SECOND AMENDED COMPLAINT

201.   Count V of the Second Amended Complaint has been dismissed by the Court.

## ANSWERING COUNT VI OF THE SECOND AMENDED COMPLAINT

202.   The allegations set forth in paragraph 234 of the Second Amended Complaint does not require a response from defendant NYCHA.

203.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the Second Amended Complaint.

204.   Denies the allegations set forth in paragraph 236 of the Second Amended Complaint.

205.   Denies the allegations set forth in paragraph 237 of the Second Amended Complaint except admits that certain obligations arise out of the ownership of real property, and refer all questions of law to this Court.

206.   Denies the allegations set forth in paragraph 238 of the Second Amended Complaint.

207.    Denies the allegations set forth in paragraph 239 of the Second Amended Complaint.

208. Denies the allegations set forth in paragraph 240 of the Second Amended Complaint.

209. Denies the allegations set forth in paragraph 241 of the Second Amended Complaint.

210. Denies the allegations set forth in paragraph 242 of the Second Amended Complaint.

211. Denies the allegations set forth in paragraph 243 of the Second Amended Complaint.

## ANSWERING COUNT VII OF THE SECOND AMENDED COMPLAINT

212. Count VII of the Second Amended Complaint is not addressed to the NYCHA defendants.

## FIRST AFFIRMATIVE DEFENSE

213. At all relevant times, the NYCHA-related individual defendants acted within the course and furtherance of their employment and have no individual or personal responsibility to plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

214. Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

215. Plaintiffs do not have standing to assert claims pursuant to the Fair Housing Act or the Residential Lead Paint Hazard Reduction Act.

## FOURTH AFFIRMATIVE DEFENSE

216.    Plaintiffs are not entitled to recover punitive damages against the NYCHA defendants.

## FIFTH AFFIRMATIVE DEFENSE

217.    The individual NYCHA defendants are protected in suit, in whole or in part, by the doctrine of qualified immunity.

## AS AND FOR THE RESPONSE OF THE NYCHA
## DEFENDANTS TO ANY CROSS-CLAIMS

218.    Defendant NYCHA and the NYCHA-related individual defendants deny any and all cross-claims now or in the future asserted against defendant NYCHA and the NYCHA-related individual defendants and assert all of the affirmative defense set forth above; and further assert that they are not liable to plaintiffs, or to any other defendants.

## CROSS-CLAIM

## AS AND FOR A CROSS CLAIM BASED ON CONTRIBUTION, INDEMNITY AND/OR
## BREACH OF CONTRACT AGAINST ATC GROUP SERVICES, LLC ("ATC")

219.    If plaintiffs were caused to sustain injuries and damages at the times and places and in the manner alleged in Second Amended Complaint, which allegations of liability as against defendant NYCHA and the NYCHA-related individual defendants are denied, and if the trier of fact determines that said injuries and damages were caused by reason of the carelessness, recklessness, negligence or other culpable conduct and/or affirmative acts or omissions, in whole or in part, or by reason of a breach of any agreement between defendant NYCHA and Defendant ATC, then defendant NYCHA and the NYCHA-related individual defendants are entitled to have judgment over against defendant ATC in whole or in part as to any sum awarded to

plaintiffs against defendant NYCHA and the NYCHA-related individual defendants based upon contribution, indemnity and/or breach of contract.

WHEREFORE, the Second Amended Complaint should be dismissed in all respects and judgment entered for these answering defendants who should have judgment on their cross-claim, with such other and further relief as may be just and proper.

Dated: October 18, 2018
New York, New York

HERZFELD & RUBIN, P.C.
Attorneys for Defendants
New York City Housing Authority
("NYCHA"), Shola Olatoye, Michael Kelly,
Brian Clarke, Jay Krantz and Luis Ponce

By: _____
PETER J. KURSHAN (PK-6496)
pkurshan@herzfeld-rubin.com
125 Broad St.
New York, NY 10004
Phone: (973) 422-6544
Fax: (212) 344-3333

TO:   ALL COUNSEL VIA E-FILE