

HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW    125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

Miriam Skolnik, Esq.
Direct Line: (212) 471-8457
mskolnik@herzfeld-rubin.com

October 22, 2018

VIA ECF AND EXPRESS MAIL

Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

      Re:    Paige, Sherron et al. v New York City Housing Authority, et al.
              Civil Action No. 17 CV 07481

Dear Judge Pauley:

      We represent the NYCHA defendants ("NYCHA") in the above-referenced matter. We write in response to the Plaintiffs' submission seeking discovery of all "disclosures provided to any potential class member residing in target housing." As we will demonstrate, this demand will require the diversion of resources needed by the tenants for the sole purpose of searching through more than 175,000 tenant folders in order to locate the disclosures signed by the tenants. No legitimate purpose is served by this request at this juncture.

      According to Plaintiffs (October 18 letter, Dkt. No. 230), they are entitled to discovery of all lead disclosure forms and inspection records for every apartment occupied by a family with young children because these materials "will help determine whether the claims advanced by the named representatives of the putative class satisfy the requirements of numerosity, commonality, typicality and adequacy."[1] They further posit that production of these records for all of

---

[1] Whether or not the named Plaintiffs will meet the requirements of typicality and adequacy is an issue which, to date, Plaintiffs' counsel have steadfastly and studiously avoided. As Plaintiffs acknowledge in their October 18 letter (Dkt No. 230, p.2), NYCHA has repeatedly raised the issue of whether or not the named Plaintiffs have standing to pursue the RLPHRA claim. Nevertheless, and despite the fact that these are facts of which Plaintiffs have personal knowledge, neither Plaintiffs nor their counsel have plead or asserted, orally or otherwise, that the named Plaintiffs did not receive accurate disclosures when they signed their leases. Instead, at the Rule 26 hearing, Plaintiffs' counsel described the issue as insignificant since, counsel

**AFFILIATES**

LIVINGSTON, NEW JERSEY          LOS ANGELES, CALIFORNIA          GARDEN CITY, NEW YORK

BUCHAREST, ROMANIA          YANGON, MYANMAR


HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

Hon. William H. Pauley III
October 22, 2018
Page 2

NYCHA's developments would be "proportional to the needs of the case and not amount to an undue burden or expense on NYCHA."[2]  The claim is unfounded.  As NYCHA demonstrated in its October 18 letter (Dkt. No. 231), the production to the U.S. in *U.S . v. NYCHA*, 18-5213, only included disclosure records for seven developments.  Those records relating to apartments in which children under six reside and which relate to the time period within the applicable statute of limitations, will be provided, subject to redaction for Personal Identifying Information ("PII").

Even production of disclosures signed by the tenants for those 92 developments where NYCHA knew of the presence of lead based paint, which according to the allegation in the Complaint in *U.S. v. NYCHA* includes 51,000 units in 1,200 building, *Id.* at 57, will require the unreasonable diversion of funds and personnel.  This labor intensive undertaking would divert needed resources away from the tenants at this very crucial time.  The need to provide even such disclosure should await review by Plaintiffs' counsel of the redacted records produced to the U.S. Attorney.  Disclosure could then proceed on a development by development basis, based on a showing of need by the Plaintiffs.  Since, as Plaintiffs' admit in their October 18 submission (Dkt No. 230), the disclosure which they seek is for purposes of class certification and not for the merits, it is reasonable to limit disclosure at this time to discovery that is proportional to the stated needs.

As the court explained in *Black v. Buffalo Meat Serv.*, 2016 U.S. Dist. LEXIS 108526, *17-18 (W.D.N.Y. 2016), "Relevance under Rule 26(b)(1) is now tempered by proportionality; particular items may be relevant but discovery to obtain them may not be proportionate for that case."  Thus, while, as Plaintiffs maintain, the disclosure records for those developments where inspections confirmed "the presence of lead paint somewhere on the premises," may ultimately prove to be relevant (depending on where the lead paint was actually found), discovery for those remaining developments should not be ordered absent a showing that the need for those records

---

could always find other representatives.  Now, in their October 18 letter, they cavalierly shift the burden to NYCHA to produce "lead paint disclosures for the other named representatives."  *Id.* Respectfully, before Plaintiffs can shift the burden to NYCHA to produce disclosures they have to—at a minimum—assert that they did not receive the required disclosures.  This is particularly true because of the four year statute of limitations applicable to the RLPHRA claim, and the fact that the HUD regulations only require that disclosure records be kept for three years.  40 CFR 745.113(c).

[2]     Since 42 U.S.C. § 4852d(a)(1)(B), only requires disclosure of "the presence of any known lead-based paint," Plaintiffs' suggestion that "the actual absence of lead paint would not necessarily immunize NYCHA from liability under the RLPHRA" (Dkt. No. 230), is frankly mystifying.



HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

Hon. William H. Pauley III
October 22, 2018
Page 3

is proportionate to the burden placed on NYCHA to locate the necessary documents. *See, In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 498 (S.D.N.Y. 2018) ("[W]e reaffirm our conclusion that the burden of making available Exchange plaintiffs' requested production—data sufficient to establish trader positions for every single trader at Rabobank over the class period—is not proportional to the relevance and importance of that data."); *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, 2018 WL 2215510, at \*7 (S.D.N.Y. May 15, 2018) ("Even when the requested documents are relevant, Federal Rule of Civil Procedure 26(b)(1) and (2) provide courts with significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case and the parties' resources. ) (internal quotation marks and citations omitted); *Homeward Residential, Inc. v. Sand Canyon Corp.*, 2017 WL 4676806, at \*7 (S.D.N.Y. Oct. 17, 2017) (court denied discovery of party's internal documents regarding state of the economy, even though they might be relevant to willful blindness theory, because searching would produce thousands of documents and would require producing party to search for irrelevant articles that make references to real estate prices); *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2016 WL 4703656, at \*8 (E.D.N.Y Sept. 7, 2016) (parties were directed to "focus on the claims that we know about right now that deal specifically with the damages that you're claiming" but if more discovery becomes necessary, "then we'll worry about a second wave of discovery").

Accordingly, discovery should, at least initially, be limited to those developments for which disclosures were made in *U.S. v. NYCHA*, followed by further discovery upon a showing of need by the Plaintiffs.

Respectfully submitted,

HERZFELD & RUBIN, P.C.

/s/ *Miriam Skolnik*
Miriam Skolnik