UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRON PAIGE, individually and
ON BEHALF OF HER MINOR CHILD K.D.;
et al.,

          Plaintiffs,

v.

NEW YORK CITY HOUSING
AUTHORITY; et al.

          Defendants.

No. 1-17-cv-07481 (WHP)

## STIPULATED DOCUMENT PRODUCTION PROTOCOL ORDER

I. SCOPE

    A. **General**

        The procedures and protocols set forth in this Order shall govern the production of ESI in this matter, unless the Parties agree in writing to change them or they are changed by the Court at the request of a Party. To the extent that non-parties produce documents in this case, the Parties agree to request that such non-parties adopt this Order.

    B. **Scope of Production**

        This Order does not address the scope of the Parties production. The Parties shall meet and confer regarding custodial and non-custodial sources of potentially discoverable documents, including the production of databases or other structured data, if any.

    C. **Subsequent Orders**

        This Order shall not preclude subsequent agreements between the Parties relating to ESI, nor shall it preclude any Party from seeking relief from or an amendment to this Order upon a showing of good cause.

D. **Previously Produced Documents**

This Order does not apply to documents that have already been produced by the Parties in this litigation, or in other related litigation. The Parties agree that documents that have already been produced in this litigation, or in other related litigation, do not need to be re-produced in a different production format that it has already been produced. To the extent that a Party demonstrates a need to receive previously produced documents in a format that is consistent with this Order, the Parties agree to meet and confer to discuss the request.

E. **Confidentiality of Produced ESI**

Nothing in this Order is intended to be inconsistent with the Stipulated Protective Order that the Court will enter in this Litigation (Case Management Order No. __), and where anything in this Order is inconsistent with the terms of the Stipulated Protective Order, the terms of the Stipulated Protective Order shall prevail. If a document is produced subject to a claim that it is protected from disclosure under the Protective Order, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be burned electronically on each page of such document.

## II. DEFINITIONS

A. **"Electronically stored information"** or **"ESI,"** as used herein, means and refers to computer-generated information or data, stored in or on any storage media located on computers, file servers, disks, tape, USB flash ("thumb") drives or other real or virtualized devices or media, as such information is defined in Federal Rule of Civil Procedure 34(a)(1)(A).

B. **"Native Format"** means and refers to the format of ESI in which it was generated or as it is used by the Producing Party in the usual course of its business and in its regularly conducted activities.

C. **"Media"** means an object or device, including but not limited to a disc, tape, computer, drive, or other device, whether or not in the Producing Party's physical possession, on which data is or was stored.

D. **"Metadata"** means and refers to: (i) information embedded in a Native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

E. "OCR" means and refers to an optical character recognition file which is created by software used in conjunction with a scanner that is capable of reading text-based documents and making such documents searchable using appropriate software.

F. "Party" or "Parties" means and refers to the named Plaintiffs and/or Defendants in the above-captioned matter. "Producing Party" refers to a Party (or non-party that avails itself of this Order) that produces documents in this litigation.

## III. MISCELLANEOUS

### A. English Language

To the extent any data exists in more than one language, the data shall be produced in English, if available. If no English version of a document is available, the Producing Party does not have an obligation to produce an English translation of a document.

### B. Cooperation

The Parties shall, as necessary, meet and confer to exchange information regarding issues associated with any production of ESI, including, but not limited to, database field definitions and structure or document delivery mechanisms.

### C. Variance

Any practice or procedure set forth herein may be varied by written agreement of the Parties.

### D. Reservation of Rights

Nothing contained herein is intended to create a precedent for, or to constitute a waiver or relinquishment of, any Party's objections or arguments pertaining to any potential future productions of ESI.

### E. Modification

This Protocol may not be modified or amended except in writing signed by all Parties. Court approval is not required to modify or amend this Protocol, provided that such modification or amendment is in writing signed by all Parties.

### F. Relief from this Protocol

3

Any Party may request relief from any obligation set forth in this Protocol. The Party seeking such relief must first meet and confer with the relevant Parties and, if the Parties are able to agree to the relief, in a written modification as referenced in Section III. E. If the Parties are unable to agree, the Party requesting relief from the Protocol may submit a written request for relief to the Court, with a copy of the request served to all Parties via email and U.S. mail, unless otherwise agreed. Any Party may oppose any request for relief by submitting a written opposition to the Court, with a copy of the opposition served to all Parties via email and U.S. mail, unless otherwise agreed, within ten (10) days of service of the request for relief.

### G. Production Costs

This Protocol does not address the costs of document or ESI production and the Parties reserve their rights with respect to the allocation of those costs.

## IV. TECHNICAL SPECIFICATIONS

### A. Image Files

Black and white images - These files are to be produced as Group IV, black and white single page tiffs with the file extension, .TIFF. To the extent a Party believes that any ESI should be produced in color, as opposed to black and white, the Parties shall meet and confer as to whether reproduction in color is necessary and appropriate.

Each image file is to be named with its corresponding production number.

### B. Image File Formats

Word documents will be imaged showing track changes and comments;

Excel files with redactions will be imaged un-hiding any hidden cells, rows, columns, or sheets; and

PowerPoint files will be imaged showing notes in Notes Pages.

### C. Native Files

When producing files in Native Format, the Native files are to be named with the bates number assigned to the document and the confidentiality. For Example: Bates123456 – Confidential.XLSX

For each natively produced file, a tiff placeholder should be included. The place holder is to state, "This document has been produced in native format" and it should be endorsed with the confidentiality legend and bates number.

A text file must be provided for each Native file. If extracted text is not available, the text file should include a machine generated OCR.

Both the image and text file must be named with the bates number.

Files which cannot be accurately tiffed must be produced in their Native formats, unless otherwise agreed to between the Parties, or as required by this protocol. Such files include video and audio recording and database files.

All spreadsheets should be produced in their Native format, except those that require redaction, and will be produced in the order that they were stored in the ordinary course of business, i.e. emails that attach spreadsheets should not be separated from each other and should be linked using the Attachment Range fields above. The file name should match the bates number assigned to the file. The extractable metadata and text should be produced in the same manner as other documents that originated in electronic form. The parties agree to work out a future protocol governing the use and format of documents produced pursuant to this paragraph at trial, depositions or hearings (such as converting to tiff images in accordance with the above protocol).

D.  **Hard Copy Paper Documents**

Hard copy paper documents shall be scanned and, to the extent reasonably practicable, produced in the manner in which those documents were kept in the ordinary course of business. Where hard copy paper documents have "post-it notes," tabs, or other labels, the information on the label shall be scanned and produced to the extent reasonably practicable. The Parties will utilize reasonable best efforts to ensure that hard copy scanned paper documents are produced in a manner that maintains the physical unitization of documents.

All paper documents shall be produced as static images. The images will be black-and-white, single page, 300 DPI, Group IV* TIFF images with corresponding OCR text in document level .TXT format and standard load files, which can be used with commercially available litigation software

packages. Producing paper documents in such form does not change their character from paper documents into ESI. All other metadata that does not exist as part of the original document need not be produced for paper documents produced as TIFF images.

Nothing in this Order is intended to interfere with, preclude, alter, or otherwise affect the Parties' independent obligations to engage in discovery involving and, where appropriate, produce materials that exist only in paper format.

E.  **Proprietary Files**

To the extent that documents produced cannot be rendered or viewed without the use of proprietary third-party software, the Parties shall meet and confer to minimize any expense or burden associated with the production of such documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party.

F.  **Extracted Text/OCR**

Each produced document will have a single text file, named for the production number. The text files will deliver as multi-page ASCII. The location of the text file for a document will be captured in the TextFileLink field.

For Native files, extracted text is requested.

For any redacted documents, a machine generated OCR text file from the redacted image is it to be provided.

For any hard copy materials, a machine generated OCR text file is it to be provided.

G.  **Metadata**

Metadata fields associated with all electronically stored information (ESI) will be exchanged, except for documents that do not include metadata, or the metadata is not machine extractable.[1] For redacted documents, metadata fields must be produced only to the extent such fields will not disclose redacted information

Metadata should be provided in a standard Concordance load file, also known as a .DAT file. The first line of the load file must include the field

---

[1] To the extent applicable, time/date fields shall process using Eastern Standard Time.

names. Each subsequent line will contain the fielded information for the document. All .DAT files produced in a matter should contain the same fields in a consistent order.

This Order shall not be construed to affect whether information contained in the metadata produced shall be admissible evidence about the corresponding document; rather, the Parties' positions with regard to admissibility shall be preserved for trial.

F.  **Load File Specifications – Delimiters**

The DAT file will use standard Concordance delimiters.

G.  **Load File Specifications – Production Fields**

The following default fields will be provided for all documents in the production.

| Field Name | Description | Applies To |
|---|---|---|
| ProdBegBates | Beginning bates number of all produced document | All Documents |
| ProdEndBates | Ending bates number of all produced documents | All Documents |
| ProdBegAttach | Beginning attachment number | All Documents |
| ProdEndAttach | Ending attachment number | All Documents |
| Confidential | Confidentiality designation | All Documents |
| NativeFileLink | Production path to native file | All Documents |
| TextFileLink | Production path to extracted text or OCR file | All Documents |

H.  **Load File Specifications – Metadata Fields**

To the extent the information is available, the following metadata fields will be provided for the document types identified in the Applies To column.

| Field Name | Description | Applies To |
|---|---|---|
| Author | Native file author | EDOC |
| File Name | Name of the application file | EDOC |

7

| Field Name | Description | Applies To |
|---|---|---|
| DateCreated | Date file was created | EDOC |
| TimeCreated | Time file was created | EDOC |
| DateMod | Date file was last modified | EDOC |
| TimeLastMod | Time file was modified | EDOC |
| To | Recipient(s) | Email |
| From | Sender | Email |
| CC | Carbon copy recipient(s) | Email |
| BCC | Blind carbon copy recipient(s) | Email |
| Subject | Subject line of the email | Email |
| Date Sent | Email sent date | Email |
| TimeSent | Email sent time | Email |
| Date Rec | Email received date | Email |
| TimeRcvd | Email received time | Email |
| Custodian | Individual in possession of the document or Mailbox. | All Documents |
| Other Custodian or dup custodian | ***In the event cross custodian de-duplication is employed | All Documents |
| Source | Physical location, computer or server from which the data was collected | All Documents |
| DocType | Type of file (Word, Excel, email, etc) | All Documents |
| DocExt | File extension of document | All Documents |
| Native File Size | Size of file in bytes | All Documents |
| Hash Value | MD5 Hash Value | All Documents |
| Confidentiality Designation | | All Documents |
| Redacted | | All Documents |
| Email Folder Path | | All Documents |
| Page Count | | All Documents |
| Conversation Index | | All Documents |

I.  **Deduplication**

   ESI will be deduplicated globally following industry-standard global deduplication algorithms. An acceptable method, such as the MD5 hash format, shall be used for any deduplication. Additional custodians who had a copy prior to deduplication, such as email recipients, copyees, or blind copyees, will be populated in the "DupCustodia" or "Other Custodian" or "All Custodian" metadata fields.

J.  **Document Families**

8

Whenever a document is produced, the entire corresponding family of documents (i.e. parent and all children) will be produced, except to the extent any member of the family is withheld because of privilege, confidentiality, or non-responsiveness. If a family member is withheld for any reason then that document should be replaced by a placeholder identifying that it has been withheld. Families of documents will be produced with a continuous Bates range. The Parties agree to meet and confer regarding any challenges to documents that are withheld from a document family as non-responsive.

Withholding non-responsive attachments cannot be used as a basis to challenge the completeness of a document for evidentiary purposes under FRE 106. However, subject to the rules of evidence, such attachments and documents may be introduced on rebuttal.

### K. Email Threading

For emails, in addition to de-duplication, email threading may be utilized. Threading allows emails that are wholly contained in a later, surviving email, with all of the recipients and attachments contained, to be identified and suppressed from production. An email is only suppressed from production if 100% of the message body is contained, all addresses are included, and all attachments are included in a later email that is produced.

### L. Voicemails, Text Messages and Smart Phone ESI

For production of these forms of ESI, the Parties shall meet and confer regarding the scope of said production and the applicable custodians for whom an obligation to search and produce exists. Production requests for these forms of ESI shall identify the custodian, search terms, and timeframe. Indiscriminate terms, such as the Party's name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. The Parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

### M. Redactions and Logs

A Party may opt to produce documents with redactions that contain text describing the redaction; or a Party may opt to redact documents without text describing the redaction but must produce a redaction log that identifies which documents contain redactions, and describes the basis for the redactions.

9

If a Party opts to utilize text box redactions, the redactions on images shall be made with white boxes with black borders, and shall contain black text that reasonably describes the nature of the asserted privilege or redacted information such as, for example, "Attorney-Client Privilege," "Work Product Privilege," "PPI" (Protected Personal Information), "PHI" (Protected Health Information, or "NRI" (Non-Responsive Information). If a Party redacts a document based on more than one claim of privilege, then the text that appears on the redaction need only describe the nature of one of the claims of privilege, but the corresponding entry in a log, or metadata field, must state all claims of privilege, or reason for redaction. For example, and without limiting the foregoing, if a Party claims that redacted text is protected by both the attorney-client privilege and the work product privilege, then the text that appears on the redaction on the face of the document may state only "Attorney-Client Privilege," but the corresponding entry in a privilege log must state both "Attorney-Client Privilege" and "Work Product Privilege." In addition to redactions based on claims of privilege and confidentiality, the Parties may redact all non-responsive information.

Where some or all of the e-mail string is privileged, the Parties need only include one entry on the privilege log for the entire e-mail string and need not log each e-mail contained in the chain separately.

Documents that are to be produced in Native Format, but that require redactions, may be produced as TIFF images (with extracted text) with the relevant portions redacted, or if a TIFF image production is not technically feasible, the Producing Party may produce a copy of the Native file with the relevant portions replaced with "[REDACTED]" or a similar mark. If modification of a Native file is required for redaction purposes, metadata information associated with that file should remain unchanged unless it also requires redaction.

N.  **De-Nisting of ESI**

The Parties may remove operating system files and program files with the assistance of their respective information technology vendors or agents prior to conducting searches of data in accordance with the National Software Reference Library De-Nisting Process.

O.  **Replacement Images**

In the event that an already produced document or set of documents has to be re-produced or a new load file or "overlay" is produced for any production, the new production shall always maintain the same Bates number for any re-produced documents, with the addition of the suffix "-R" at the end of the Bates number.

P. **Production of Databases and Other Structured Data**

> Generally, databases should be produced in a mutually agreeable data exchange format, which may include production of reports generated from database rather than producing the entire database. To determine the data that is relevant to the document requests, a list of databases and systems used to manage relevant data should be provided with the following information:
>
> i. Database Name
>
> ii. Type of Database
>
> iii. Software Platform
>
> iv. Software Version
>
> v. Business Purpose
>
> vi. Users
>
> vii. Size in Records
>
> viii. Size in Gigabytes
>
> ix. A List of Standard Reports
>
> x. Database Owner or Administrator's Name
>
> Upon review of the list, the Parties agree to meet and confer regarding the data to be produced from each source, if any, and the form(s) of the production thereof.

## V. PRODUCTION SPECIFICATIONS

### A. All Deliveries

> Productions may be delivered either via encrypted physical media or via secure electronic download, or as otherwise agreed by the Parties.
>
> All file paths should be relative.
>
> Data to be encrypted and the decryption key should be provided prior to the delivery of the physical media.

An electronic version of the cover letter should be included. The decryption key should not be contained in the cover letter accompanying the physical media.

### B. Physical Delivery

Productions that are delivered via physical media should be self-contained and not require that multiple discs or drives be combined after delivery.

The disc or drive should be clearly labeled with the following information:

- Date of the production
- Producing Party
- Production Regarding
- Production Volume
- Bates Range
- Number of Records

### C. Electronic Delivery

The production should be announced via e-mail and made available for immediate download upon receipt of the e-mail.

Delivery should be via a secure file transfer (SFT) system, or a password protected link. Productions made via insecure file transfer sites or sent via email may be rejected.

Electronic deliveries must remain downloadable for seven days after the production date or until the production has been downloaded and confirmed to be complete.

DATED:   New York, New York
         January 22, 2019

LEVY KONIGSBERG LLP

By: _____

Corey M. Stern
*cstern@levylaw.com*
800 Third Ave., 11th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290
*Attorneys for the Plaintiffs*

12

DATED:  New York, New York
        January 28, 2019

HERZFELD & RUBIN, P.C.

By: *[signature]*

Peter J. Kurshan
*pkurshan@herzfeld-rubin.com*
125 Broad St.
New York, NY 10004
Phone: (973) 422-6544
Fax: (212) 356-1148
*Attorneys for the NYCHA Defendants*


DATED:  New York, New York
        January 2, 2019

ZACHARY W. CARTER
Corporation Counsel of the City of New York

By: *[signature]*

Mark W. Muschenheim
*mmuschen@law.nyc.gov*
100 Church Street
New York, NY 10007
Phone: (212) 356-1000
Fax: (212) 356-1148
*Attorneys for the City of New York Defendants*


DATED:  New York, New York
        January 27, 2019

GORDON & REES LLP

By: *[signature]*

Lee Henig-Elona
*lhenig-elona@grsm.com*
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
*Attorneys for the ATC Defendants*

BY THE COURT,

_____
WILLIAM H. PAULEY, III
DISTRICT COURT JUDGE

DATED: