UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| SHERRON PAIGE, individually and ON BEHALF OF HER MINOR CHILD, K.D.; EVELYN GRAY; TANEEQUA CARRINGTON; and A.P., on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK CITY HOUSING AUTHORITY; CITY OF NEW YORK; SHOLA OLATOYE; BILL de BLASIO; MARY TRAVIS BASSETT, M.D.; MARIA TORRES SPRINGER; MICHAEL KELLY; ALICIA GLENN; BRIAN CLARKE; JAY KRANTZ; LUIS PONCE; HERMINA POLACIO; ATC ASSOCIATES, INC.; and ATC GROUP SERVICES, LLC,<br><br>Defendants. |

17 Civ. 7481 (WHP)

## SETTLEMENT AGREEMENT

**WHEREAS**, in September 2017 plaintiffs commenced this action, seeking damages and injunctive relief for the purported violation of their rights under the United States Constitution, United States Laws, New York State Laws and New York City Laws, and subsequently amended their complaint two times; and

**WHEREAS**, defendants City of New York, Bill De Blasio, Mary Travis Bassett, M.D., Maria Torres Springer, Alicia Glenn and Hermina Palacio (collectively "City Defendants"), and defendants New York City Housing Authority ("NYCHA"), Shola Olatoye, Michael Kelly, Brian Clarke, Jay Krantz and Luis Ponce (collectively, "NYCHA Defendants") interposed their respective answers to the Second Amended Complaint in September 2018; and

WHEREAS, the City Defendants and the NYCHA Defendants deny any and all liability arising out of the claims in this action; and

WHEREAS, the plaintiffs in this action, the City Defendants and the NYCHA Defendants (together, the "Parties") now desire to resolve this action without further proceedings and without admitting any fault or liability;

NOW, THEREFORE, in consideration of the mutual promises set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby stipulate and agree as follows:

1. The City of New York, on behalf of the City Defendants, shall pay plaintiff Sherron Paige eleven thousand two hundred fifty dollars ($11,250.00), in full satisfaction of any and all claims against the City Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

2. The City of New York, on behalf of the City Defendants, shall pay plaintiff Evelyn Gray eleven thousand two hundred fifty dollars ($11,250.00), in full satisfaction of any and all claims against the City Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

3. The City of New York, on behalf of the City Defendants, shall pay plaintiff Taneequa Carrington eleven thousand two hundred fifty dollars ($11,250.00), in full satisfaction of any and all claims against the City Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

4. The City of New York, on behalf of the City Defendants, shall pay plaintiff A.P. eleven thousand two hundred fifty dollars ($11,250.00), in full satisfaction of any

and all claims against the City Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

5. NYCHA, on behalf of the NYCHA Defendants, shall pay plaintiff Sherron Paige thirteen thousand seven hundred fifty dollars ($13,750.00), in full satisfaction of any and all claims against the NYCHA Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

6. NYCHA, on behalf of the NYCHA Defendants, shall pay plaintiff Evelyn Gray thirteen thousand seven hundred fifty dollars ($13,750.00), in full satisfaction of any and all claims against the NYCHA Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

7. NYCHA, on behalf of the NYCHA Defendants, shall pay plaintiff Taneequa Carrington thirteen thousand seven hundred fifty dollars ($13,750.00), in full satisfaction of any and all claims against the NYCHA Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

8. NYCHA, on behalf of the NYCHA Defendants, shall pay plaintiff A.P. thirteen thousand seven hundred fifty dollars ($13,750.00), in full satisfaction of any and all claims against the NYCHA Defendants, including any and all claims for attorneys' fees, costs and litigation expenses.

9. Subject to the Court's approval, the claim of plaintiff Sherron Paige, on behalf of her minor child, K.D., is discontinued without prejudice. The Parties hereto agree that plaintiff Sherron Paige, on behalf of her minor child, K.D., may pursue claims in New York State courts premised only on New York State and New York City laws.

10. In accordance with the Confidentiality Order, entered January 16, 2018 ("Order"), plaintiffs shall destroy: all Confidential Materials (as that term is defined in the Order) produced by the City Defendants and the NYCHA Defendants; all copies of Confidential Materials, including copies provided to third parties, if any; and all notes referring to Confidential Materials.

11. The City of New York and NYCHA shall make the payments set forth in paragraphs 1 through 8 above within ninety (90) days of their receipt of the following: (1) a copy of this agreement executed by plaintiffs' counsel; (2) a release executed by each of the four plaintiffs in the form annexed hereto as Exhibit A; (3) an Affidavit of No Liens executed by each of the four plaintiffs in the form annexed hereto as Exhibit B; (4) a W-9 executed by each of the four plaintiffs in the form annexed hereto as Exhibit C; (5) an executed copy of the Stipulation of Dismissal in the form annexed hereto as Exhibit D, and so-ordered by the Court and (6) a certification in accordance with the Confidentiality Order stating that all Confidential Materials, all copies of Confidential Materials, and all notes of the review of Confidential Materials have been destroyed.

12. Each of the payments set forth in paragraphs 1 through 8 above shall be made by check payable to "Levy Koningsberg LLP, as attorneys for [plaintiff]," and shall be mailed, or otherwise delivered, to Corey Stern, Esq. at Levy Koningsberg LLP, 800 Third Avenue, 11th Floor, New York, New York 10022.

13. Except as provided in paragraph 9 above, this action shall be discontinued against all defendants with prejudice, and any party may file with the Court, without further notice, an executed copy of the Stipulation of Dismissal in the form annexed hereto as Exhibit D.

14. Except as provided in paragraph 9 above, upon payment of the settlement amounts set forth in paragraphs 1 through 8 above, plaintiffs shall be deemed to have released all the NYCHA Defendants, all the City Defendants, the City of New York, and all departments, officials, employees, representatives and agents of the City of New York and of NYCHA, past and present, in their individual and official capacities, from each and every claim and right to damages arising from the acts and omissions complained of in the Complaint, in the Amended Complaint and in the Second Amended Complaint.

15. This Stipulation may not be construed as an admission that the NYCHA Defendants, the City Defendants, the City of New York, or any departments, officials, employees, representatives and agents of the City or of NYCHA, past and present, in their individual or official capacities, violated any constitutional rights, violated an applicable law, rule or regulation, or are in any way liable for the claims asserted in this action or responsible for any of the alleged injuries asserted in this action.

16. This Stipulation, and the settlement it represents, shall not be used by any party, and shall not be admissible in any other proceeding, litigation, or settlement negotiation, except in an action or proceeding to enforce the terms of this Stipulation.

17. This Stipulation contains the sole and entire agreement between and among the Parties and fully supersedes any and all prior agreements and understandings pertaining to the subject matter hereof. This Stipulation may not be amended except in a writing signed by all of the parties hereto and no modification or waiver of all or a portion of this Settlement Agreement shall be effective unless in writing signed by the parties hereto.

18. The terms of this Stipulation shall inure to the benefit of, and shall be binding upon, the successors and assigns of the Parties hereto, and any third party taking by, through or under any Party hereto.

19. This Stipulation shall be interpreted under the laws of the State of New York without reference to its principles of conflict of laws.

20. The parties, through their respective counsel, have reviewed and participated in the drafting this Stipulation, and any rule of construction, by which any ambiguities are to be resolved against the drafting party, shall not be applied in the interpretation of this Stipulation.

21. This Stipulation may be executed in counterparts, and scanned and/or facsimile signatures by the undersigned shall constitute original signatures.

[Intentionally Left Blank Prior to Signature Page]

DATED:      New York, New York
            July 26, 2019

LEVY KONIGSBERG LLP

By: _____

Corey M. Stern
cstern@levylaw.com
800 Third Ave., 11th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290
*Attorneys for the Plaintiffs*

DATED:      New York, New York
            July 16, 2019

ZACHARY W. CARTER
Corporation Counsel of the City of New York

By: _____

Mark W. Muschenheim
mmuschen@law.nyc.gov
100 Church Street
New York, NY 10007
Phone: (212) 356-1000
Fax: (212) 356-1148
*Attorneys for the City of New York Defendants*

DATED:      New York, New York
            July 16, 2019

HERZFELD & RUBIN, P.C.

By: _____

~~Wendy Prince~~ Peter J. Kurshon
pkurshon ~~wprince~~@herzfeld-rubin.com
125 Broad Street
New York, New York 10004
Phone: (212) 471-8500
Fax: (212) 344-3333
*Attorneys for the NYCHA Defendants*